UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNE BLAKE,<br><br>    Plaintiff,<br>v.<br>KEVIN DOWE,<br><br>    Defendant. | 3:10-CV-1858 (CSH) |

**RULING ON MOTION TO COMPEL**

HAIGHT, Senior District Judge:

  Defendant's Motion to Compel Cooperation in Discovery (the "Motion") [Doc. 27] seeks an order compelling Plaintiff to "reinstate her medical release, allowing her mental providers to disclose records of her psychiatric treatment and/or psychological counseling." Plaintiff has filed a brief opposing that motion [Doc. 29]. Although Plaintiff has not explicitly asserted the patient-psychotherapist privilege, that privilege requires denial of the Motion.

  The documents in question are records of Plaintiff's counseling with David Johnson, MSW. Plaintiff initially provided Defendant with an authorization to release confidential medical information (the "Release"). During discovery, Defendant learned that Plaintiff had been under Johnson's care for psychological counseling. When Defendant attempted to obtain copies of Johnson's records with regard to that counseling, Plaintiff told him through counsel that she was withdrawing the Release. After communications between counsel failed to resolve the matter, Defendant filed the Motion. Defendant asserts that Plaintiff brings a claim for emotional distress,

pointing, *inter alia*, to Paragraph 14 of the Complaint [Doc. 1], which alleges that Plaintiff "has suffered and will in the future suffer, inconvenience, annoyance and emotional distress." In her brief, Plaintiff asserts that she is not making any claim for emotional distress, though she has not moved to amend the Complaint to remove the reference to emotional distress.

Under federal evidentiary law, confidential communications between a psychotherapist and a patient are protected from compelled disclosure. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The privilege extends to social workers like Johnson whose communications with the patient occurred in the course of psychotherapy. *Id.* at 16-17. The privilege is not balanced against evidentiary need, which it generally outweighs. *Id.* at 17-18. However, it can be waived. *Id.* at 15 n. 4.

Defendant does not provide the Court with a reason to believe that Plaintiff has waived the privilege. The only reason for disclosure that Defendant asserts is his need to defend himself against an emotional-distress claim. However, apart from Plaintiff's assertion through counsel that she does not seek compensation for emotional distress, the Complaint in itself does not support an assertion of waiver. The reference to "emotional distress" in the Complaint consists of no more than an assertion, in the description of First Amendment and spoliation claims, that she suffered such distress. This is, at most, a claim for "garden variety" emotional distress. The assertion of a claim for "garden variety" emotional distress does not waive the patient-psychotherapist privilege. *In re Sims*, 534 F.3d 117, 141 (2d Cir. 2008).

Nor did Plaintiff waive the privilege by signing and then withdrawing the Release. A party may revoke a HIPAA authorization until the provider has relied on it, and if she does so she has not waived the patient-pscyhotherapist privilege. *Koch v. Cox*, 489 F.3d 384, 391 (D.C.Cir. 2007). Defendant has not suggested any other way in which Plaintiff waived the privilege.

Because Plaintiff has not waived the patient-psychotherapist privilege, the Motion to Compel [Doc. 27] is DENIED.


SO ORDERED.
Dated: New Haven, Connecticut
August 24, 2012

                                                 */s/ Charles S. Haight, Jr.*
                                                Charles S. Haight, Jr.
                                                Senior United States District Judge